[Crim. No. 320.   Third Appellate District.—October 30, 1915.]

## THE PEOPLE, Respondent, v. FRANK RUDOLPH, Appellant.

CRIMINAL LAW—DAY OF RENDITION OF JUDGMENT—EVIDENCE—JUDICIAL NOTICE.—An appellate court is authorized to take judicial notice that the day of the month upon which a judgment of conviction was rendered fell upon a judicial day.

ID.—INFORMATION CHARGING PRIOR CONVICTION—EVIDENCE—OBJECT OF CODE PROVISION—PUNISHMENT.—The provision of section 1204 of the Penal Code does not pretend to prescribe either the *quantum* or the character of the evidence essential to the proof of a prior conviction, where the fact of such conviction is pleaded or set up in an indictment or information, as the manifest object of the section is to authorize the court, after a conviction has been had and before sentence is pronounced in any criminal case, to receive testimony either in mitigation or aggravation of the punishment to be imposed.

ID.—INSTRUCTION—TESTIMONY OF PEACE OFFICER—SCRUTINY BY JURY. An instruction that when one acts in the capacity of a private detective or public officer, it becomes the duty of the jury to scrutinize the testimony of such person and to say whether or not the testimony of that person so acting is biased, or whether the interest he

serves has influenced him to any extent that would reflect upon or affect his testimony, is properly refused, as violative of section 19 of article VI of the constitution forbidding the charging of juries by judges with respect to matters of fact.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

R. M. Quackenbush, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—Convicted under an information filed by the district attorney of Sonoma County in the superior court of said county of the crime of petit larceny with a prior conviction of the same offense, the defendant brings the cause to this court on an appeal from the judgment and the order denying him a new trial.

The information first charges the defendant with having unlawfully and feloniously stolen, taken and carried away "one brace and drill of the value of four dollars, the personal property of one John Ronne." It then charges: "That the said defendant, Frank Rudolph, before the commission of the offense charged in this complaint, to wit, on the 2d day of November, 1914, was in the Recorder's Court of the City of Petaluma, County of Sonoma, State of California, convicted of the crime of petit larceny, and which said judgment of conviction has never been annulled, reversed or set aside." (Pen. Code, sec. 969.)

The defendant pleaded not guilty to each of the charges thus laid against him.

The first point made by the defendant is that the prior conviction of the defendant of petit larceny as charged in the information is void, inasmuch, so he asserts, as the trial of the defendant on said charge and his conviction thereof were had and obtained upon Sunday, a legal holiday or nonjudicial day. (Code Civ. Proc., secs. 10, 133 and 134.)

The point is without a predicate for its support.

To establish the prior conviction the people introduced in evidence the record of the police court of the city of Peta-

luma showing such previous conviction, and therefrom it appears that, as alleged in the information, the trial of the defendant upon the charge of petit larceny was held on the second day of November, 1914, and that on that day a judgment of conviction was rendered against him. The second day of November, 1914, fell on Monday—a fact of which we are authorized to take judicial notice. (Code Civ. Proc., sec. 1875, subd. 8.)

The second point upon which the defendant relies for a reversal is that the evidence of the prior conviction as presented by the people, measured by the provisions of section 1204 of the Penal Code, was insufficient to establish that charge in the information. The section mentioned reads:

"The circumstances must be presented by the testimony of witnesses examined in open court, except that when a witness is so sick or infirm as to be unable to attend, his deposition may be taken by a magistrate of the county, out of court, upon such notice to the adverse party as the court may direct. No affidavit or testimony, or representation of any kind, verbal or written, can be offered to or received by the court, or a judge thereof, in aggravation or mitigation of the punishment, except as provided in this and the preceding section."

It is very plain that said section does not pretend to prescribe either the *quantum* or the character of the evidence essential to the proof of a prior conviction, where the fact of such conviction is pleaded or set up in an indictment or information against the accused. The manifest object of the section is to authorize the court, after a conviction has been had and before sentence is pronounced in any criminal case, to receive testimony either in mitigation or aggravation of the punishment to be imposed. To this end any testimony bearing upon the character or the antecedents of the convicted person—whether he has theretofore been of good or bad character or borne a good or bad reputation or been previously convicted of some offense against the law—may be presented to the court. In such case, unlike those where, under sections 666 and 667 of the Penal Code, a prior conviction is charged in addition to the crime subsequently committed, the court is not authorized or empowered to impose a greater punishment than the maximum penalty prescribed for the particular crime of which the accused has been con-

victed. Where a prior conviction has been charged and sustained and the subsequent offense charged is likewise established, the court is authorized to impose a penalty in excess of the maximum penalty prescribed for either the prior or the subsequent offense.

Our conclusion, therefore, is that section 1204 has no application to a case where, as here, the defendant is put upon trial under an indictment or information charging him, in addition to the later offense charged, with a prior conviction of a similar or other public offense.

The third and last point submitted by the defendant is that the court erred in its refusal to give to the jury the following instruction proposed by him: "The court instructs the jury that, when one acts in the capacity of a private detective or public officer, it becomes the duty of the jury to scrutinize the testimony of such person and to say whether or not the testimony of that person so acting is biased, whether the interest he serves has influenced him to any extent that would reflect upon or affect his testimony."

The instruction was properly rejected.

We know of no reason for declaring, as an abstract proposition, that because a witness may be a public or police officer and in his capacity as such has acquired the information which he is asked to impart to the jury in a criminal or other case, his testimony should be given more careful scrutiny or viewed with more circumspection than ought to be given to the testimony of any other witness. If it is made to appear that, by reason of the part that an officer may be shown to have taken in the apprehension of one charged with crime and in the preparation of the case against him, he evinces undue interest in behalf of the prosecution or shows a strong desire for a conviction, then it is proper for the defendant through his attorney to emphasize that fact in his argument to the jury and thus convince the triers, if it may so be done, that the officer's testimony should be viewed with caution. But it is certainly not within the legitimate province of the court to argue the proposition to the jury in its instructions. Indeed, the instruction bears upon the question of the weight of testimony, and, therefore, invades territory exclusively allotted to the jury by the constitution, or, in other words, flies in the face of the constitutional provision forbidding the char-

ging of juries by judges with respect to matters of fact. (Const., art. VI, sec. 19.)

There is no claim that the evidence does not support the verdict otherwise than in the particular above indicated.

The judgment and the order are affirmed.

Chipman, P. J., and Burnett, J., concurred.