[Crim. No. 7244. Second Dist., Div. One. Jan. 25, 1961.]

THE PEOPLE, Respondent, v. LESTER FULLER, Appellant.

Lester Fuller, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD, P. J.—On March 29, 1960, in superior court, case No. 223042, the defendant was convicted, in a nonjury trial, of unlawfully possessing marijuana. Also it was found that an allegation of prior conviction (on March 10, 1959) of unlawfully possessing marijuana, a felony, is true. Defendant was sentenced to imprisonment in the state prison, and it was ordered that the sentence run concurrently with the sentence in superior court case No. 210767 (hereinafter referred to—sentence after revocation of probation). Defendant appeals from the judgment of conviction.

On March 10, 1959, in superior court case No. 210767, the defendant pleaded guilty to a charge of unlawfully possessing marijuana. Proceedings were suspended and probation for three years was granted upon the condition, among others, that he not use or possess any narcotics. On March 29, 1960, the court found that defendant had violated conditions of probation. Probation was revoked and defendant was sentenced to imprisonment in the state prison. Defendant also appeals from that judgment.

Appellant contends in effect that the evidence is insufficient to support the judgments, and that he was not properly represented by the public defender.

Officer Nicholson, a state traffic officer, testified as follows: On December 10, 1959, he saw an automobile traveling south in a northbound traffic lane on Wilmington Avenue in Compton. He stopped the automobile and observed that three persons were in it. The driver was Freddie Freeman, and the other occupants were Albert Griffin and the defendant Fuller. While the officer was talking to Griffin and defendant, they kept asking him about an address, and they appeared to be in an excited state. They said they had been drinking. The officer searched or "patted down" the defendant "outside of the clothing" for weapons but did not reach inside defendant's pockets. While the right front door of the automobile was open and the three persons were outside the automobile, the officer saw a small package on the floor in the

right front part of the automobile. The package was wrapped in newspaper and there was a torn place in the top of the package. Through that torn place the officer saw a substance which appeared to be marijuana. The officer did not take the package but he kept it under observation until police officers of the city of Compton arrived and took the package from the automobile. The three arrested persons were taken into custody by police officers of Compton.

Officer Burkenfield, a police officer of Compton, testified: On said December 10, about 10:30 p. m., he saw the defendant Fuller on Wilmington Avenue in the custody of Officer Nicholson. He (witness) took defendant into custody and received the package which allegedly contained marijuana. Two other police officers of Compton transported the three arrested persons to the police station in Compton and placed them in the booking cage. That cage is about 10 feet square and two sides of it are wire screen and two sides are stucco walls. The wires of the screen are approximately one and a half inches apart. The officer (witness) believed that he told the booking officer that he would remove the three persons ''one at a time'' for the purpose of searching them. After he had removed one of the three persons (Freeman) from the booking cage to the holding cage for the purpose of searching him, the officer (witness) looked through the wire screen of the booking cage and saw defendant Fuller standing with his back toward the witness and looking toward the booking officer who was near a corner of the cage. He (witness) hesitated at a place about 12 feet from defendant and observed the defendant more slowly. At that time the witness saw two yellow objects fall from defendant Fuller's hand. Then the witness entered the booking cage and recovered two yellow hand-wrapped cigarettes from the place on the floor where they had been dropped by defendant. There was no debris on the cage floor, in the area where the cigarettes were found, except dust and a small piece of mop fiber. Defendant was present when the witness picked up the cigarettes. Defendant and Griffin were the only persons in the cage when the cigarettes were dropped. The witness opened one of the cigarettes, and the substance therein appeared to be marijuana. Defendant Fuller was charged with possession of the two cigarettes, but he was not charged with possession of the newspaper package that was found in the automobile. Griffin was charged with possession of the package.

The green leafy substance which was in the two cigarettes

was marijuana. The cigarettes were received in evidence as Exhibit 1.

With reference to the alleged prior conviction, the superior court file in case No. 210767 was received in evidence. It was stipulated that the Lester Fuller named in that file is the same Lester Fuller who is the defendant herein.

Defendant Fuller testified that he and Freeman and Griffin had been riding in Freeman's automobile about two and a half hours before they were stopped and arrested; after Officer Nicholson stopped them he searched defendant Fuller for weapons; thereafter, while at the scene of the arrest, another officer searched him by requiring him to take everything out of his pockets; he (defendant) took everything from his pockets and handed those things, consisting of a billfold and some personal papers, to the officer who looked at them and returned them to defendant; the officer searched in defendant's pockets; after the three arrested persons were placed in the booking cage at the police station, Freeman was taken out of the cage; he (witness) did not drop or throw any marijuana cigarettes or any cigarettes on the floor of the booking cage; after the three persons were taken to the police station and before they were placed in the booking cage, the officers searched the three persons by reaching into all the pockets of those persons; in March 1959, in the Superior Court of Los Angeles County, he (defendant) had been convicted of a felony, namely, possession of marijuana.

As above indicated, appellant contends in effect that the evidence is insufficient to support the judgments. He states in his brief that he did not throw the cigarettes on the floor of the cell; that the three persons "were arrested for a package that was found under the front seat of the car which [package] supposedly contained marijuana"; that Griffin was found to be the sole owner of the package by his own admission. ▮▮▮ Whether or not defendant dropped the two cigarettes was a question of fact for the determination of the trial judge who was the trier of the facts. An officer testified that he saw the cigarettes fall from defendant's hand. Defendant testified that he did not have any cigarettes and that he did not drop or throw any cigarettes on the floor. That issue of fact was decided against defendant. The evidence was sufficient to support the judgment of conviction regarding the marijuana cigarettes.

▮▮▮ Appellant also contends that he was not properly

represented by the public defender. He states that during the proceedings in the trial court the public defender assigned a different deputy on four or five occasions to represent defendant and that as a result thereof no deputy had sufficient understanding of the facts to properly present the defense; that the defendant did not have a chance to express himself fully while he was on the witness stand; and the deputy did not subpoena Griffin and Freeman as requested by defendant. The record shows that the public defender represented defendant at the arraignment but the name of that deputy is not stated. Deputy Jensen represented him at the time the plea was entered. Deputy Tolmasov represented him when defendant's motion for a continuance was granted. Deputy Littlefield represented him at the trial and upon the motion for a new trial. It thus appears that during the appearances preliminary to the trial, such as arraignment, plea, and continuances, different deputies represented defendant, but it also appears that one deputy represented him throughout the trial and upon the motion for a new trial. The fact that there were such changes in representation does not in any way indicate lack of proper representation. The reporter's transcript shows that Deputy Littlefield represented defendant very ably at the trial and upon the motion for a new trial. It appears that the deputy asked the defendant questions which afforded defendant a full opportunity to testify as to all material facts. There was no question or statement by the deputy which restricted the defendant in giving his testimony. The record does not show that the defendant asked a deputy public defender to subpoena Griffin and Freeman as witnesses, but even if it be a fact that defendant made such request, it cannot be concluded correctly that the deputy did not exercise good judgment in not calling them as witnesses. It does not appear that defendant made any complaint or suggestion in the trial court that he was not represented adequately. The contention that appellant was not properly represented is not sustainable.

The evidence was sufficient to support the finding that the allegation of prior conviction is true.

 With reference to the judgment in the former superior court case No. 210767, the record shows that defendant pleaded guilty to the charge in the information therein, namely, unlawfully possessing marijuana on March 10, 1959. In that case probation for three years was granted. The conviction of defendant in the later superior court case No.

223042 established that defendant violated conditions of his probation. Probation was revoked properly. Since proceedings in the former case had been suspended and judgment had not been pronounced, it was proper of course upon revocation of probation to pronounce judgment.

The judgment in superior court case No. 223042 is affirmed. The judgment in superior court case No. 210767 is affirmed.

Fourt, J., and Lillie, J., concurred.