[Civ. No. 45972. Second Dist., Div. Five. Dec. 22, 1975.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
ALAN GEORGE TAYLOR, Real Party in Interest.

## COUNSEL

Burt Pines, City Attorney, David Perez, Assistant City Attorney, Edward A. Schlotman, Madeleine I. Flier, Richard M. Helgeson and Michael Waldorf, Deputy City Attorneys, John K. Van de Kamp, District Attorney, John E. Howard, Acting District Attorney, Harry B. Sondheim, Richard P. Kalustian, Otis L. Hubbard, Ronald Ross, George M. Palmer, Daniel L. Bershin and Charles E. Boag IV, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

George Grove, Jr., for Real Party in Interest.

## OPINION

KAUS, P. J.—Petitioner, the People—through the Los Angeles City Attorney and County District Attorney—filed an action under the Red Light Abatement Law (Pen. Code, §§ 11225-11235) against defendant and real party in interest, Alan George Taylor, doing business as the Geisha House ("defendant"). The People ("plaintiff") seek mandate after the trial court denied its motion to compel defendant to answer certain interrogatories.

### FACTS

Plaintiff served on defendant a set of interrogatories. Question 1 requested defendant's name, and other personal data such as date and place of birth, height and weight, and social security number. Defendant served and filed "Answers" in which he stated his name, objected to the rest of question 1, and "to each and every" interrogatory "on the basis that the information sought would tend to incriminate him . . . ."

Plaintiff filed a notice of motion to compel answers subject to a protective order. The protective order included a provision that any "evidence derived from the Answers" could not be used in any criminal prosecution of defendant.

The trial court denied plaintiff's motion and also denied plaintiff's motion for reconsideration. No reasons are given in the minute order.

However, plaintiff alleged in the petition, and defendant did not deny,[1] that the trial court during oral argument questioned whether the protective order afforded adequate protection to defendant in the event that the federal authorities desired to make use of the information obtained from defendant's answers to the interrogatories.

## DISCUSSION

Since the only ground asserted by defendant in seeking a protective order was self-incrimination, the only question is whether the trial court could flatly refuse to fashion a protective order that immunized defendant against criminal prosecution, as requested by the People,[2] and compelled defendant to answer all appropriate questions.[3]

In *People* v. *Superior Court (Kaufman)*, 12 Cal.3d 421 [115 Cal.Rptr. 812, 525 P.2d 716], the issue was whether in a "civil action" (12 Cal.3d at p. 424) the trial court had discretion to issue a protective order under Code of Civil Procedure, section 2019, which encompassed a grant of immunity from criminal liability and an order compelling the defendant to submit to discovery. (*Id.,* at p. 425.)[4]

The court, noting that *Byers* v. *Justice Court*, 71 Cal.2d 1039 [80 Cal.Rptr. 553, 458 P.2d 465], had held that a court may hold a person immune from criminal prosecution even absent a specific legislative grant of immunity, ruled: "We adhere to our rationale in *Byers*. It is manifest that a grant of immunity with a proper protective order would not frustrate but would further the legislative purpose of suppressing

---

[1]Although defendant filed an opposition to the petition for writ of mandate, he filed no response.

[2]The People concede that absent a grant of immunity, defendant might be liable to prosecution under Penal Code sections 266h and 266i, section 647, subdivisions (a) and (b), and section 315.

[3]That the trial court relied solely on defendant's self-incrimination claims is apparent from the fact that the protective order encompassed all questions asked of defendant, including, as noted, his birthdate and social security number.

[4]As the court indicated in *Kaufman* (12 Cal.3d at p. 426), the Penal Code provisions authorizing grants of immunity, sections 1324 and 1324.1, are, by their terms, limited to criminal proceedings. Section 1324 authorizes the prosecutor in a felony proceeding to request the superior court to order a person to answer questions or produce evidence and further provides that if the person complies with such an order, he shall be given transactional immunity. (". . . that person shall not be prosecuted or subjected to penalty or forfeiture for or on account of any fact or act concerning which, in accordance with the order, he was required to answer or produce evidence.") Section 1324.1 provides for a similar procedure and immunity in misdemeanor proceedings.

deceptive advertising. Nor would it unduly hamper the prosecution of persons who, in the judgment of the authorities, should be subjected to criminal proceedings. [Citations.] Finally, if in the view of the Legislature, our application of Code of Civil Procedure section 2019 does not conform to legislative intent, that body remains free to redefine the limits of authorization. *We thus conclude that pursuant to said code section the respondent court is vested with jurisdiction to 'issue an appropriate protective order.*" (12 Cal.3d at pp. 428-429. Italics added.)

The court then rejected the defendant's contention that the action based on alleged deceptive advertising was "such that defendants are threatened in that very action with substantial penalties which are actually criminal in nature, . . ." (*Id.,* at p. 429.) The court held that although the People sought "the imposition of penalties" under Business and Professions Code section 17536 and Civil Code section 3370.1, these "provisions authorize sanctions in proceedings which otherwise do not seek the levying of traditional criminal penalties and which are described by the Legislature as being civil in nature." Although the penalty "does constitute a severe punitive exaction by the state, . . . neither it nor the process by which it is imposed is deemed criminal in nature for such reasons." (*Id.,* at p. 431.)

The court then issued a peremptory writ "directing the respondent court, after fashioning and issuing an adequate protective order, to compel the real party in interest to respond on deposition and trial to all proper inquiries including those which, except for the protective order, would tend to incriminate him." (*Id.,* at p. 433.)

We can quickly dispose of defendant's contention that *Kaufman* does not apply at all because *Board of Supervisors* v. *Simpson,* 36 Cal.2d 671, 674-675 [227 P.2d 14], which held that it was the duty of the district attorney—rather than the county counsel—to bring actions under the Red Light Abatement Act, stated that such proceedings are "penal in nature," and "auxiliary to the enforcement of the criminal law." *Kaufman* makes clear that the characterization of damages as a "penalty" does not, without the other incidents of a criminal proceeding, convert a civil proceeding into a criminal proceeding (12 Cal.3d at p. 431), and, of course, it is precisely against "the enforcement of the criminal law" referred to in *Simpson* that the People have offered to immunize defendant.

*Kaufman* established that the trial court has "jurisdiction" to grant immunity to a defendant in a civil proceeding. ■ The remaining question is whether the trial court has discretion to refuse the People's request that a defendant be immunized and compelled to submit to discovery. We hold that on this record no basis for the exercise of such discretion is shown.

First, *Kaufman* intimates that the trial court has no discretion to flatly refuse to immunize a defendant against prosecution. There the trial court denied the People's motions solely on the ground that it lacked jurisdiction to grant immunity. (*Id.,* at p. 425.) Yet the Supreme Court, rather than remanding the case to the trial court to exercise its discretion, issued a peremptory writ which, as noted, ordered it "to compel" the defendant to answer "after fashioning and issuing an adequate protective order, . . ." (*Id.,* at p. 433.)

Second, a rule that the trial court has only limited discretion to refuse an appropriate protective order is consistent with the well-established rule that, absent invidious discrimination in the enforcement of the law (*Murguia* v. *Municipal Court,* 15 Cal.3d 286, 300-301 [124 Cal.Rptr. 204, 540 P.2d 44]), a prosecutor has broad discretion to decide whether to institute criminal proceedings. (*People* v. *Vatelli,* 15 Cal.App.3d 54, 58 [92 Cal.Rptr. 763]; see 16 Cal.Jur.2d, p. 363.) Where the trial court refuses to issue an appropriate protective order, the effect may be to strip the prosecutor of any discretion: The People must proceed under the criminal laws or not at all.

Third, Penal Code sections 1324 and 1324.1 also suggest that the trial court's discretion is at best limited. Under section 1324, discussed in *Kaufman* (12 Cal.3d at p. 426), the court is required to "order the question answered or the evidence produced unless it finds that to do so would be clearly contrary to the public interest, or could subject the witness to a criminal prosecution in another jurisdiction, . . ."[5]

If the trial court had applied either of these standards, it would not have flatly denied the People's request.

---

[5]Section 1324.1, which applies to misdemeanors, does not contain the qualification that the order "could subject the witness to a criminal prosecution in another jurisdiction."

That the immunity order would not necessarily protect defendant against federal prosecution does not justify refusing to immunize defendant in this jurisdiction. In *Nelson* v. *Municipal Court,* 28 Cal.App.3d 889 [105 Cal.Rptr. 46], a witness, who had been granted transactional immunity under Penal Code section 1324, asserted that he could refuse to answer questions on grounds that his answers might nonetheless tend to subject him to prosecution under federal law. (*Id.* at p. 891.) The court held that the witness had no such right; although section 1324 provides for transactional immunity from prosecution for offenses in California, the Fifth Amendment requires only use immunity. "Immunity from use and derivative use, therefore, provides protection that is coextensive with the privilege against self-incrimination, and thus complies with the constitutional mandate contained in the Fifth Amendment [citing *Kastigar* v. *United States* (1972) 406 U.S. 441, 458 (32 L.Ed.2d 212, 224-225, 92 S.Ct. 1653)]." (*Id.,* at pp. 894-895.)

Moreover, nothing in the trial court's order suggests that any "public interest" was considered in refusing to fashion an appropriate protective order. In this case, the only conceivable "public interest" that might be served by refusing to compel defendant to answer interrogatories is that it might be preferable for defendant to be prosecuted criminally rather than for his establishment to be shut down under the Red Light Abatement law. But both the city attorney and the district attorney have joined in this action and nothing in the record suggests that any other authority could be interested in the criminal prosecution of defendant based on the information that will be obtained if the interrogatories are answered.

Finally, the trial court, as noted, gave no reasons whatsoever for its ruling. Sections 1324 and 1324.1 require the court to order the question answered or the evidence produced "unless" it makes the finding or findings discussed above. In determining whether to immunize a defendant under Code of Civil Procedure section 2019—particularly given the broad prosecutorial discretion to decide whether to prosecute an offense in the first instance—the trial court should not refuse to do so without a clear statement of the reasons for so doing.

Although it appears that the trial court had no discretion in the circumstances to deny the People's request, we are reluctant to conclude as a matter of law that the trial court could have had no possible justification for so acting. Accordingly, this proceeding will be remanded to the trial court.

The peremptory writ is issued directing the respondent court to vacate its orders of February 11, 1975, and March 6, 1975, and to make new orders consistent with the views expressed in this opinion.

Ashby, J., and Loring, J.,* concurred.

*Assigned by the Chairman of the Judicial Council.