THE STATE OF OHIO *v.* DONNELLY ET AL.

(Nos. 84-CR-5061 and -5062 — Decided May 31, 1984.)

Court of Common Pleas of Clermont County.

*Gregory Chapman,* for plaintiff.

*William Keener,* for defendant James J. Donnelly (case No. 84-CR-5061).

*David McCune,* for defendant Mark A. Wilson (case No. 84-CR-5062).

RINGLAND, J. Counsel for the state of Ohio, on May 21, 1984, filed a motion to take depositions of defense witnesses pursuant to R.C. 2945.47, which in subsection (A) in pertinent part provides that the court may require that the testimony of a witness confined in a penal institution be taken by deposition at the place of confinement if the court determines that the interest of justice does not demand that the witness be brought before the court for presentation of testimony. On the other hand, under subsections (B) and (C), a court may order a subpoena to be issued directing the keeper of a local facility or the sheriff of the county in which a state institution is located to deliver the confined witness to court for the giving of testimony.

There is a marked paucity of Ohio case law construing subsection (A) and under what circumstances it may be said that justice does not require that the witness be brought before the court. However, there is case law from other states' courts construing comparable

legislation to R.C. 2945.47 which indicates that a trial court has discretion to issue or to refuse to issue a subpoena to cause an incarcerated witness to appear in court, see *People* v. *Vatelli* (1971), 15 Cal. App. 3d 54, 92 Cal. Rptr. 763 (construing Cal. Pen. Code Section 2621); *Eubank* v. *State* (Ind. 1983), 456 N.E.2d 1012 (construing Ind. Code Section 35-1-33-1), and that the court's ruling on the propriety of a motion for subpoena will not be disturbed absent a clear showing of abuse of discretion. *Id.* Similarly, it may be said that the trial court has discretion to cause the testimony to be taken by deposition at the institution, rather than by having the prisoner appear in court. In the instant matter, counsel for the state of Ohio has indicated that several of the prospective witnesses sought to be deposed at their institutions have created problems due to belligerent, assaultive-type behavior while confined. Counsel submits that the taking of depositions at the institutions would deprive the jury only of viewing firsthand the demeanor of the witnesses on the stand, and that this sole deprivation does not constitute prejudice against defendants.

The court finds that the interests of justice do not require that convicted felons with a recent history of belligerent, anti-social conduct be brought before the court for the hearing of live testimony, but that justice will be served by the taking of video depositions of these individuals in accordance with Crim. R. 15 and that the Confrontation Clauses of the Constitutions of Ohio and of the United States will be satisfied as the defendants and their counsel would have the right to be present and to examine thoroughly each of the witnesses and the jury will have a chance to observe their demeanor albeit by way of videotape.

The motion to take depositions is well-taken and granted, the prospective witnesses not being defendants in the matter, and the interests of justice not demanding their presence in court for the giving of testimony.

*Motion granted.*