[Civ. No. 40600. Second Dist., Div. Four. Nov. 30, 1972.]

JOHN MICHAEL FINLEY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[Crim. No. 22010. Second Dist., Div. Four. Nov. 30, 1972.]

In re KENNETH AID, JR., on Habeas Corpus.

(Two Cases.)

## Counsel

Richard S. Buckley, Public Defender, James L. McCormick, Harold E. Shabo, Richard A. Curtis and Kenneth Aid, Jr., Deputy Public Defenders, for Petitioners.

No appearance for Respondent in Civ. No. 40600.

Joseph P. Busch, District Attorney, Harry Wood and Arnold T. Guminski, Deputy District Attorneys, for Real Party in Interest and for Respondent in Crim. No. 22010.

## Opinion

**KINGSLEY, J.**—These two cases arise out of the same events in the trial court involving the same order in a pending criminal prosecution; we deal with both cases in this one opinion.

Petitioner Finley has been charged with murder and with assault with intent to kill. Originally, on March 2, 1972, he pled not guilty and his counsel asked for and was granted the appointment of a psychiatrist (Dr. Pollack) pursuant to sections 730, 952 and 1017 of the Evidence Code "for a confidential examination of the defendant to be furnished me for the purpose of determining whether or not an additional plea would be appropriate in this case."

Thereafter, on March 23, 1972, he entered the additional plea of not guilty by reason of insanity. At his suggestion, three additional psychiatrists were appointed, under section 1027 of the Penal Code. On April 21, 1972, at the suggestion of defense counsel, a psychologist was appointed to conduct certain tests of defendant. That order of appointment specifically provided that the results of the tests conducted under that appointment were not confidential and were to be made available to all four previously appointed psychiatrists. On May 11, 1972, both the defense and the People moved for discovery. The defense motion was granted without objection; the People's motion was not opposed except as to one item—a request for discovery of Dr. Pollack's report. After argument, that request also was granted. On June 5, 1972, no such report having been disclosed to the prosecutor, a contempt proceeding against his counsel, petitioner Aid, came on for hearing. At that hearing, for the first time, Mr. Aid disclosed the fact that Dr. Pollack had never submitted a written report, but only an oral report.[1] In effect, the trial court ordered Mr. Aid to secure a written report from Dr. Pollack and make that report available to the prosecution; the court then continued the matter.[2] At the continued

---

[1] It is clear that the decision to secure only an oral report was deliberate and part of Mr. Aid's trial strategy. At the hearing on June 5, 1972, Mr. Aid stated to the court: "I told Dr. Pollack not to write a report because I anticipated something like this might happen, so he has never written a report."

[2] ". . . Dr. Seymour Pollack was appointed at the defendant's request to examine him under the provisions of Section 730 and 952 of the Evidence Code. Thereafter upon submission by the People of pleadings, the Court made an order for discovery requiring the defense to submit to the People a copy of any and all reports made by Dr. Seymour Pollack, a proposed defense witness since the defendant's mental state has been placed in issue.

"Now, the defendant has failed to comply with this discovery order that was made by the Court on May 11th, and the matter is on today's calendar for purposes of an Order to Show Cause by defense counsel should be [sic] not be held in contempt for refusing to comply with that discovery order."

hearing, on June 20, 1972, Mr. Aid again refused to secure a written report or to make Dr. Pollack's opinion and report, in any form, available to the prosecution. The trial court then made the following order:

"This is the contempt proceeding against Kenneth Aid, Jr. It has come on regularly for hearing this morning, June 20th, 1972. Mr. Aid has appeared on his own behalf. I have received evidence both oral and documentary on the issue, and I believe the issues have certainly been framed by both written pleadings and oral argument.

"The Court is going to make the following findings:

"I

"That Dr. Seymour Pollack, on the panel of psychiatrists serving the courts of our county, was appointed at the request of the defendant by this Court on March 2nd, 1972 pursuant to the provisions of Section 730 and 952 of the Evidence Code, but the order of appointment also reflects on it that a confidential report of Dr. Pollack's findings was to be submitted to counsel for the defendant, Mr. Aid, pursuant to Section 1017 of the Evidence Code.

"MR. AID: May I ask, your Honor, where that is stated? Is that the checked box?

"THE COURT: Checked on the box.

"MR. AID: May I suggest that that just may be a matter of the typist hitting the wrong place, because—

"THE COURT: You can make that suggestion, and I reserve comment as to the sections under which the appointment was made because it was made by Judge McCarry of this court on March 26 of 1972. I will indicate that in the written portion of the order, the two sections referred to are 730 and 952 of the Evidence Code.

"The order indicates that the report of Dr. Pollack was to be made in a separate communication to legal counsel, Kenneth Aid, Jr. The findings, diagnosis, and conclusions were to be confidentially presented only to said defense counsel.

"II

"Three weeks thereafter, presumably after such information had been conveyed to defense counsel, the defendant entered a plea of not guilty by reason of insanity, and additional doctors were appointed pursuant to Section 1027 of the Penal Code.

## "III

"On May 11th of 1972, after oral argument and based upon the submission of points and authorities by both sides, this Court made and signed an order directing that the defense produce for the examination of the People any and all reports made by Dr. Seymour Pollack, a proposed defense witness, any documents or interviews used by this doctor as a basis for his opinion.

## "IV

"That a copy of such order was duly served upon Kenneth Aid, Jr., personally.

## "V

"That Mr. Aid has had it within his ability at all times to comply with the order for discovery as it pertained to the reports of Dr. Pollack.

## "VI

"On May 24th, 1972, the People moved this Court to set on its calendar an order to show cause in re contempt for the failure of Mr. Aid to comply with that portion of the discovery order referred to.

## "VII

"On June 5th of 1972 the matter was calendared; certain argument was heard; the Court expressed itself rather completely as to its feelings at this time but continued the order to show cause in re contempt until June 19th.

## "VIII

"On June 19th, at the request of defense counsel, the matter was trailed until today so that the defendant could be present.

## "IX

"The court has noted Mr. Aid's representations to the Court today that under no circumstances will Dr. Seymour Pollack be called as a defense witness on either the issue of present sanity, diminished capacity, or sanity at the time of the commission of the offense. These representations should be noted for the benefit of the appellate court.

"Notwithstanding those representations, however, the Court is of the opinion that Section 1016 of the Evidence Code and 1017 of the Evidence Code are controlling in this particular case. I specifically call the attention

of the reviewing court to the comments of the Law Revision Commission at the time that these sections were adopted.

"I have further taken note of the holding and the dicta in the case of People vs. Aikin, 19 C.A.3d 685, at 696, that comments rather extensively upon the apparent inconsistencies between the provisions of 952 of the Evidence Code and 1016 and 1017 of the Evidence Code, and resolves that apparent inconsistency in its comments by indicating that the privilege ends if the client and his lawyer go beyond the advice stage and decide to present the defense of not guilty by reason of insanity, which has been done by the entry of the plea.

"Now, accordingly, gentlemen, Mr. Aid, having continuously refused to comply with the order of discovery that was made by the Court of May 11th of 1972, when in this Court's opinion he had the ability to comply with it at all times after the order was made, and based upon the Court's finding that Mr. Aid has willfully neglected and failed without sufficient reason or excuse for such failure to comply with the order of discovery, it is hereby ordered, adjudged, and decreed that the said Kenneth Aid, Jr. is in contempt of this Court in his failure to obey such order and that Mr. Aid be taken into the custody of the Sheriff of Los Angeles County and be confined to the County Jail for a period of four days.

"It is further ordered that execution of this order be stayed for a period of twelve days from the date hereof, to wit, until Monday, July 3rd, 1972, or, if within such period of twelve days a petition for a writ to alter this order is filed in the Court of Appeal of the Supreme Court of the State, then until the granting or denial thereof becomes final." The present petitions, one in the name of defendant Finley and one in the name of Mr. Aid were then filed. We issued our order to show cause and stayed the criminal proceeding. The matter has now been briefed and argued. We grant the writs as prayed.

■ As originally presented to us, this case raised two important issues: (1) Whether, on the representations made to the trial court by Mr. Aid, any prosecution right of discovery existed under *Prudhomme* v. *Superior Court* (1970) 2 Cal.3d 320 [85 Cal.Rptr. 129, 466 P.2d 673]; and (2) whether Dr. Pollack's oral report to Mr. Aid is privileged under *City & County of S.F.* v. *Superior Court* (1951) 37 Cal.2d 227 [231 P.2d 26, 25 A.L.R.2d 1418].

Subsequent to the issuance by us of our order to show cause and the filing of the briefs herein, division one of this district filed its opinion in *People* v. *Goldbach* (1972) 27 Cal.App.3d 563 [103 Cal.Rptr. 800];

(a petition for a hearing in that case has been denied by the Supreme Court). In *Goldbach,* the court held that, under sections 1016 and 1017 of the Evidence Code, a psychiatrist appointed by the court at the request of a defendant's counsel for consultation purposes, only, was subject to the confidentiality (the attorney-client privilege) declared in the *San Francisco* case. On the authority of that case, the "report" was privileged and not a proper subject of pretrial discovery, or of any discovery unless and until Dr. Pollack is to be called as a witness. Since the report is privileged on that ground, we need not consider the other issue.

The orders of the respondent court in its case number A-012,005, made on May 11, 1972, June 5, 1972, and June 20, 1972, are vacated. In our Crim. No. 22010, the petitioner, Kenneth Aid, Jr., is released from the constructive custody imposed on him by the order of June 20, 1972.

Jefferson, Acting P. J., and Dunn, J., concurred.