[Civ. No. 45196. Second Dist., Div. Two. Aug. 21, 1975.]

ANTHONY NAGERA TORRES, Plaintiff and Respondent, v. THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Appellant; THE PEOPLE, Real Party in Interest and Appellant.

## COUNSEL

John H. Larson, County Counsel, and Dwight V. Nelsen, Deputy County Counsel, for Defendant and Appellant.

Burt Pines, City Attorney, Ward G. McConnell and Gerry L. Ensley, Deputy City Attorneys, for Real Party in Interest and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, John Hud and Martin Stein, Deputy Public Defenders, for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—Appellants, Municipal Court for the Los Angeles Judicial District (court) and People of the State of California (people), real party in interest, appeal from a writ of prohibition, treated as a writ of habeas corpus granted by the superior court in favor of respondent Anthony Nagera Torres and directed to the municipal court.

The undisputed facts show that respondent was arrested for and charged with being under the influence of a controlled substance on March 13, 1974. The next day a complaint was filed and on March 25, 1974, respondent was arraigned and the public defender was appointed to represent him. On the same date a motion was made to amend the complaint to add an allegation that respondent was under the influence of an opiate. The motion was granted. On March 27, 1974, motions to dismiss the complaint pursuant to Penal Code sections 825 and 849 and to suppress the evidence pursuant to Penal Code section 1538.5 were noticed for hearing. Respondent's counsel also moved pursuant to Evidence Code sections 730 and 952 for an order to appoint an expert physician-psychiatrist to assist him in preparing a defense. In connection with the latter motion counsel represented that: confidentiality was required because without it respondent might refuse to give the doctor information pertinent to his defense and argued that denial of a confidential examination to indigent respondent would unreasonably discriminate against him in the preparation of his defense since an affluent defendant could buy a confidential examination.

In response to the motion, the court appointed Dr. A. R. Tweed pursuant to Evidence Code section 730 to examine respondent and " . . . determine if a narcotic substance had been introduced into defendant's [respondent] body . . . ." The court, however, refused to order the result of the examination to be confidential pursuant to Evidence Code section 952. The reason for the denial was that no showing was made by respondent's counsel " . . . as to the necessity to appoint such expert pursuant to either sections 952 or 1017 of the Evidence Code" and " . . . insofar as no communication was anticipated as a result of the appointment."

Respondent then sought a writ of prohibition in the superior court to stay proceedings in the municipal court unless and until the municipal court ordered the appointment to be made pursuant to Evidence Code section 952.

Following a hearing the superior court treated the petition as one for writ of habeas corpus and made the following conclusions of law:

"III

"Respondent court by ordering an examination of petitioner by Dr. Tweed, impliedly found that 'expert evidence is or will be required by the court or by [a] party' pursuant to Evidence Code section 730.

"IV

"Judge Stromwall by his declaration having stated that he appointed Dr. Tweed (1) 'in order to . . . determine whether a narcotic substance had been introduced into defendant's body'; and (2) 'in order to provide the defendant with the findings and opinions of an impartial and independent observer, and to thereby not entirely rely upon the observations of a police officer,' determined that the examination was necessary to petitioner's defense.

"V

"Due to the nature of the charge pending against petitioner and bearing in mind the evidence offered by the prosecution in such cases, an examination by Dr. Tweed which did not involve the taking of a history by the doctor or conversation with petitioner could be of little use, if any, to petitioner. Fourteen days elapsed between petitioner's arrest and his request for appointment of Dr. Tweed. Any residual symptoms of petitioner's having been under the influence of a narcotic at the time of his arrest would have been limited to marks on his person suggesting possible injection of a narcotic within a relatively short time prior thereto; such symptoms are not necessarily evidence of narcotic injection. Dr. Tweed could not reasonably be expected to 'provide defendant the findings and opinions of an impartial and independent observer' as to such symptoms without inquiry into their cause, the kind of communication that bears directly upon the guilt or innocence of petitioner and of particular importance to petitioner's counsel in planning and managing his defense.

"VI

"Refusal of respondent court to order such communication to be carried out in confidence required petitioner to elect whether to refuse to submit to such examination and thereby forego any benefit thereof to his attorneys in planning his defense, or to submit to examination and accept the risk that the report of Dr. Tweed, not being confidential, might be received in evidence against petitioner at his trial.

"VII

"The choice forced upon petitioner by respondent court's order was caused solely by his indigence. A defendant able to pay for the services

of an expert comparable with Dr. Tweed could secure the benefits of such an examination and the findings and opinions of that expert as privileged communications under section 952 of the Evidence Code.

"VIII

"Respondent court having determined that expert evidence was required, and that petitioner should thereby be provided with the findings and opinions of an impartial and independent observer, abused its discretion in refusing to order the examination and report to be carried out in the confidential manner that would make them privileged under section 952 of the Evidence Code. . . ."

Since over 95 days had elapsed from the time the motion for appointment of an expert had been made, and since over 110 days had elapsed since respondent had been arrested the court concluded:

"IX

"Any examination of petitioner at this late date could not supply information relevant to the charge pending against petitioner. Because of the time lapse, petitioner has been denied, irremediably, the right to confidentiality of the examination which the trial court found to be necessary. The only proper result under these circumstances is termination of the prosecution.

"X

"The court therefore concludes that the petition herein should be deemed an application for habeas corpus and pursuant to paragraph two of the prayer thereof, an order should issue discharging petitioner from all custody and restraint on account of the charge pending against him herein and exonerating his bail."

█ It is settled that the right to counsel guaranteed by the Sixth Amendment to the United States Constitution is binding upon the states. If a defendant is indigent the states must appoint counsel to assist his defense. (*Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733].) The right to counsel includes the right to the use of experts such as psychiatrists or psychologists or any other expert that will assist counsel in preparing a defense. (*In re Ketchel* (1968) 68 Cal.2d 397 [66 Cal.Rptr. 881, 438 P.2d 625]; *In re Ochse* (1951)

38 Cal.2d 230 [238 P.2d 561].) This right to assistance also includes the right to have any communications made to experts remain confidential. (*City & County of S.F.* v. *Superior Court* (1951) 37 Cal.2d 227 [231 P.2d 26, 25 A.L.R.2d 1418]; *People* v. *Lines* (1975) 13 Cal.3d 500 [119 Cal.Rptr. 225, 531 P.2d 793].) However once a defendant seeks to use the expert as a witness, then any reports that the defendant seeks to introduce into evidence lose their confidentiality and are discoverable by the prosecution. (*Jones* v. *Superior Court* (1962) 58 Cal.2d 56 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213]; *McMullen* v. *Superior Court* (1970) 6 Cal.App.3d 224 [85 Cal.Rptr. 729]; *Finley* v. *Superior Court* (1972) 29 Cal.App.3d 342 [104 Cal.Rptr. 699].)

 Although Evidence Code section 730 provides for court appointed experts, the decision to comply with the defendant's request remains within the sound discretion of the trial court. (*People* v. *Berry* (1962) 199 Cal.App.2d 97 [18 Cal.Rptr. 388]; *People* v. *Vatelli* (1971) 15 Cal.App.3d 54 [92 Cal.Rptr. 763].) However, if an expert is appointed and the court does not appoint him pursuant to Evidence Code section 952 then there is no privilege that attaches and any statements made by the defendant to the expert may be used against him. (*People* v. *Danis* (1973) 31 Cal.App.3d 782, 786 [107 Cal.Rptr. 675]; *People* v. *Spencer* (1963) 60 Cal.2d 64 [31 Cal.Rptr. 782, 383 P.2d 134].)

Appellants argue that notwithstanding the above, since section 730 does not provide for the appointment of a confidential expert to assist the defense attorney there is no right to have an expert appointed by the court whose report is required to remain confidential. Neither side has cited us any cases which have decided this question, and we have not been able to find any. Appellants have taken the position that since sections 730 through 733 do not recognize such a right there is none. However, it is clear to us that due process and equal protection compel the result.

We start with the basic premise that there can be no justice where the type of trial that a person has depends upon the financial means of such person. (*Williams* v. *Illinois* (1970) 399 U.S. 235, 241 [26 L.Ed.2d 586, 593, 90 S.Ct. 2018].) By statute the federal courts are required to appoint expert witnesses for the defense if the witness is necessary to an adequate defense. (18 U.S.C.A. § 3006A(e) [18 U.S.C.S. § 3006A (e)]; *United States* v. *Bass* (9th Cir. 1973) 477 F.2d 723.) This state does not have a similar provision. However, we note that the federal statute was passed as a result of equal protection problems that had arisen. (See *Jacobs* v. *United*

*States* (4th Cir. 1965) 350 F.2d 571, 573; *United States* v. *Theriault* (5th Cir. 1971) 440 F.2d 713, 716 (Wisdom, circuit judge, concurring).)

■ Although there is no statute that specifically covers the appointment of an expert for the defense other than for the purposes of an insanity plea (see Evid. Code, §§ 1016, 1017) there. can be no question that equal protection demands that in a proper factual situation a court must appoint an expert that is needed to assist an indigent defendant in his defense. (Compare *People* v. *Lines* (1975) 13 Cal.3d 500, 513 fn. 15 [119 Cal.Rptr. 225, 531 P.2d 793]; *People* v. *Goldbach* (1972) 27 Cal.App.3d 563 [103 Cal.Rptr. 800].)

We are constrained to say however that the showing in the municipal court for the appointment of an expert under sections 730 or 952 was tenuous and that if the municipal court had on the record before us denied the appointment of an expert under either section there would have been no abuse of discretion. (*People* v. *Vatelli* (1971) 15 Cal.App.3d 54 [92 Cal.Rptr. 763].) However that avenue is foreclosed to us since the court did find that an expert was required. Thus having made the determination that an expert was required, we agree with the superior court in its finding that the municipal court abused its discretion in failing to make the appointment confidential within the meaning of Evidence Code section 952.

Appellants have also raised several issues as to whether there were adequate funds within the public defender's budget to pay for the expert. The trial court found that the evidence as to this issue was speculative and unsubstantial. Since this finding is supported by substantial evidence we are bound by it. (*People* v. *Reyes* (1974) 12 Cal.3d 486 [116 Cal.Rptr. 217, 526 P.2d 225].)

Our disposition makes it unnecessary to consider appellants' other arguments concerning the applicability of the sanity or diminished capacity defenses as they related to the crime with which respondent is charged.

The order appealed from is affirmed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied September 16, 1975, and the petition of the real party in interest and appellant for a hearing by the Supreme Court was denied October 30, 1975.