[Civ. No. 46415. Second Dist., Div. Four. Sept. 17, 1975.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
KENNETH LEE CAMPBELL, Real Party in Interest.

[Crim. No. 27098. Second Dist., Div. Four. Sept. 17, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
KENNETH LEE CAMPBELL, Defendant and Respondent.

[Crim. No. 27020. Second Dist., Div. Four. Sept. 17, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH LEE CAMPBELL, Defendant and Appellant.

**COUNSEL**

Joseph P. Busch, District Attorney, John E. Howard, Acting District Attorney, Harry B. Sondheim and Arnold T. Guminski, Deputy District Attorneys, for Plaintiff and Appellant, for Plaintiff and Respondent and for Petitioner.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Respondent.

Kenneth Lee Campbell, in pro. per., and Richard H. Levin, under appointment by the Court of Appeal, for Real Party in Interest, for Defendant and Respondent and for Defendant and Appellant.

**OPINION**

I

**KINGSLEY, J.**—These three cases all involve the validity of an order of the trial court, in a proceeding under section 1368 of the Penal Code, to determine the competency of defendant Campbell to stand trial on a charge of armed robbery. The right of a defendant, committed for

observation and treatment under such an order, to appeal was determined by the Supreme Court in *People* v. *Fields* (1965) 62 Cal.2d 538 [42 Cal.Rptr. 833, 399 P.2d 369, 16 A.L.R.3d 708].[1] The parties stipulated that all three cases involved only a single issue and that all three could be decided on the briefs and records filed in all three cases. Accordingly, we decide the issue before us on Campbell's appeal and the two proceedings initiated by the People (an appeal in case No. Crim. 27098, and a petition for a writ of mandate in case No. Civ. 46415) need not be determined. Accordingly, we dismiss the appeal in Crim. No. 27098 and deny the petition for a writ of mandate in Civ. No. 46415.

## II

Defendant was duly charged with armed robbery. He pled not guilty. Because of a conflict of interest on the part of the public defender, private counsel, John Lynch Henning, Esq., was appointed to represent him. That attorney moved for, and secured the appointment of, Doctors Skrdla, Coburn and Hoffman, under sections 730 and 1017 of the Evidence Code, to examine defendant. After securing their reports, Mr. Henning moved, under section 1368 of the Penal Code, for a hearing as to defendant's competency to stand trial. Over defendant's objection, Mr. Henning and the People waived jury trial and the hearing proceeded before Judge Leetham alone.

Over the objections of defendant that the attorney-client privilege was being violated, the court permitted Mr. Henning to call Dr. Skrdla, who testified that defendant "is incompetent under Section 1368 of the Penal Code because he is not able to rationally cooperate with counsel in presenting a defense even though he is aware of his legal status."

The prosecution called Doctors Coburn and Hoffman; Mr. Henning objected, raising the attorney-client ground, but defendant expressly waived that objection. The court permitted both doctors to testify.

Dr. Coburn's testimony was somewhat equivocal. He stated as his opinion that defendant "has the capacity to both understand the nature and quality of the proceedings and to cooperate in a rational manner with counsel in presenting a defense," but that the capacity to cooperate is "not completely volitional" but that "by a very slight margin that it is volitional but it is not by any means predominately or the vast majority volitional."

---

[1] *Fields* was decided under former section 963 of the Code of Civil Procedure. The language of the present provision (§ 904.1) is comparable.

Dr. Hoffman testified that, in his opinion, defendant "was fully competent and able to participate in his own defense in a rational manner" and that he had the capacity to make a decision, a choice as to whether or not he will cooperate with his own counsel.

After this testimony, and argument by counsel, the trial court said: "In other words, I am prepared to find here that I think he could cooperate but I have to state that he isn't cooperating and that there is evidence of substance to indicate that he cannot cooperate."

The trial court's ultimate ruling was couched in these words: ". . . presently in this particular case there being what appears to be evidence of substance as to the incompetency of the defendant to stand trial in view of the findings previously made, I shall now suspend proceedings in this cause and the defendant will be committed under the terms of Penal Code Section 1368 to the Department of Health the Court believe [*sic*] that: 'A, the defendant either for volitional or nonvolitional reasons is unwilling to and is not cooperating with his counsel; . . .' "

## III

■ At the time of the proceedings in the trial court it was unclear whether a defendant, in a case under section 1368, was entitled to a jury trial. However, we conclude that that right is now established in this state. In *People* v. *Feagley* (1975) 14 Cal.3d 338 [121 Cal.Rptr. 509, 535 P.2d 373], the Supreme Court held that, in cases arising under the mentally disordered sex offender statute, trial by jury was a matter of constitutional right. The imprisonment, and the risk of a long term incarceration, is as great in cases arising under section 1368 as in those under the MDSO statute. Being a constitutional right, it could not be waived by counsel over defendant's objection.

## IV

■ The admission of Dr. Skrdla's testimony, over the objection of defendant, was error. While the psychiatrist-patient privilege was not applicable, since defendant's mental state was in issue, the attorney-client privilege, relied on here by defendant, was fully applicable.[2]

---

[2]That the reports were to be confidential is clear from the record; we quote the applicable part of the proceedings:
"THE COURT: You want doctors appointed?
"MR. HENNING: Yes. But I would prefer they were confidential reports.
"THE COURT: All right. That way I won't even see them, and the district attorney won't even see them."

(*People* v. *Lines* (1975) 13 Cal.3d 500 [119 Cal.Rptr. 225, 531 P.2d 793]; *Finley* v. *Superior Court* (1972) 29 Cal.App.3d 342 [104 Cal.Rptr. 699].)

## V

■ The trial court applied the wrong standard of proof. Under subdivision (f) of section 1369 of the Penal Code, effective shortly before the trial court proceedings, "It shall be presumed that the defendant is mentally competent unless it is proved by a preponderance of the evidence that he is mentally incompetent." The findings of the trial court, above quoted, fall short of that test.

## VI

The trial court seems to have been in some confusion as to the effect of the obvious fact that defendant was a most uncooperative client, insisting on interfering with his counsel's presentations and on interjecting matters that his counsel thought were well ignored. The trial court remarked at length on that subject. But the test, in a section 1368 proceeding, is competency to cooperate, not cooperation. As his appellate counsel points out, other procedures, under other provisions of law, apply if a defendant becomes too obstreperous or too uncooperative; commitment under section 1368 is not the remedy. On any rehearing, the distinction should be more clearly observed.

In Crim. No. 27020, the order appealed from is reversed; in Crim. No. 27098, the appeal is dismissed; in Civ. No. 46415, the petition for a writ of mandate is denied.

Files, P. J., and Jefferson, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.