[Crim. No. 28735. Second Dist., Div. Five. May 31, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
GLEN GAYLE HOFFERBER, Defendant and Appellant.

## COUNSEL

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Paul D. Fogel, Deputy State Public Defender, Rentzer & Gilbert and Robert D. Rentzer for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Mark Alan Hart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.**—Defendant and appellant, Glen Hofferber, appeals from a judgment and order under section 1368 of the Penal Code committing him to a state mental hospital.

### FACTS

On September 24, 1974, appellant was charged with murder in connection with a shooting which occurred a month earlier. Appellant was arraigned and pled not guilty. On appellant's own motion, the court appointed two psychiatrists to examine him. Both doctors concluded that defendant was insane at the time of the commission of the offense, and at the time at which he was examined. Counsel for both sides submitted the issue of defendant's competence to stand trial on the psychiatric reports. The court then found appellant presently incompetent under Penal Code section 1368 and ordered him committed to the State Department of Health on November 13, 1974.

On January 14, 1976, the court received a certificate of competency and recalled appellant's commitment. Appellant was again examined by two court-appointed psychiatrists, and following the receipt of their reports, a second hearing was held, under section 1368 to determine defendant's competence to stand trial. At the hearing, both counsel stipulated that the psychiatric reports be admitted as evidence. The reported diagnosis of one of the doctors was that appellant was a chronic paranoid schizophrenic, and that because of his grossly disturbed thought processes was unable to rationally cooperate or assist counsel, and therefore was unable to proceed with trial under section 1368. These conclusions were borne out by appellant's own testimony at the hearing, wherein he asserted that he had communicated with Colonel Dean Barber and President Johnson through a form of astral projection, and that he was the creator of man and woman, and was about 975 years old. During these proceedings defense counsel unsuccessfully attempted to enter an insanity plea without appellant's concurrence.

## CONTENTIONS

Appellant makes the following three contentions on appeal: (1) that it was error for the court to refuse to allow defense counsel to enter a plea of not guilty by reason of insanity on his behalf; (2) that his commitment under section 1368 of the Penal Code was unlawful for want of a jury trial as demanded; and (3) that his commitment was also unlawful as it was made without any explicit finding of present insanity. None of these contentions has substantial merit.

## DISCUSSION

### I

Penal Code section 1018 flatly commands that "[u]nless otherwise provided by law every plea must be put in *by the defendant himself* in open court." (Italics added.) In *People* v. *Vanley,* 41 Cal.App.3d 846, 854-855 [116 Cal.Rptr. 446], we recently affirmed this requirement with respect to insanity pleas. (See also *People* v. *Gauze,* 15 Cal.3d 709, 717 [125 Cal.Rptr. 773, 542 P.2d 1365].) While the purpose of the personal plea requirement may be fulfilled if the defendant expressly authorizes or adopts counsel's statement of his plea, this is not such a case. (See *People* v. *Vanley, supra,* at p. 855.) Appellant stated in no uncertain terms that he wanted a jury trial on the murder itself, as he considered it justifiable homicide or self-defense.

Appellant recognizes the *Vanley* holding, but claims nevertheless that the requirement of a personal plea of insanity where a defendant is presently insane is a legislative "Catch 22." Appellant's position is that an insane person does not have the capacity to enter a plea, yet should not be barred from asserting an insanity defense because he is presently insane.

A plea of not guilty by reason of insanity refers to the defendant's mental state at the time of the commission of the crime, a mental state which is distinguishable from that which is required of a defendant before he may be allowed to stand trial. (See *People* v. *Miller*, 7 Cal.3d 562, 568 [102 Cal.Rptr. 841, 498 P.2d 1089].) For example, even if the defendant is suffering from the same mental disturbance with which he was afflicted at the time of the commission of the crime, he may still be competent to stand trial as long as he is able to understand the nature of the proceedings taken against him and is able to assist counsel in presenting a defense. (Pen. Code, § 1367.) If by reason of mental disturbance he is also incompetent to stand trial, the defendant is incapable of entering a knowledgeable plea. Even if counsel were able to enter an insanity plea on behalf of such a defendant, he does not thereby eliminate a trial on the insanity issue. Under appellant's reasoning, however, a defendant incapable of assisting in his own defense would be forced into the posture of proving the defense of insanity—a clear violation of any civilized notions of due process. Thus, we see no reason to retreat from the clear mandate of Penal Code section 1018 or the holding in *Vanley*.

## II

Appellant's second contention is rooted in the assertion that he made a demand for a jury trial on the issue of his competence to stand trial, which the trial judge ignored. Had such a demand indeed been made, defendant would have been entitled to trial by jury under section 1368.[1] (See *People* v. *Superior Court (Campbell)*, 51 Cal.App.3d 459, 463

---

[1]Section 1368 provides in pertinent part: "(c) . . . when an order for a hearing into the present mental competence of the defendant has been issued, all proceedings in the criminal prosecution shall be suspended until the question of the present mental competence of the defendant has been determined. *If a jury has been impaneled and sworn to try the defendant*, the jury shall be discharged only if it appears to the court that undue hardship to the jurors would result if the jury is retained on call. If the defendant is declared mentally incompetent, the jury shall be discharged." (Italics added.)

It is interesting to note that the current version of section 1368 sets forth no criteria as to how or of whom a demand for a jury must be made. (Compare former Pen. Code, § 1368 with Pen. Code, § 1368, as amended. Stats. 1974, ch. 1511, § 3, p. 3317.)

[124 Cal.Rptr. 158].) However, as the dialogue quoted in the margin reveals, appellant's request for a jury was directed solely to the trial on the substantive offense.[2] We see no ambiguity in the record on this point whatsoever. The court therefore proceeded correctly in deciding appellant's competence without a jury.

## III

■ Appellant's final contention is also grounded in a myopic view of the record. He claims that his commitment under section 1368 was made without a specific finding of his incompetence to stand trial. While there is no express requirement that such a finding accompany the order of commitment (see Pen. Code, §§ 1368, 1368.1, 1369, 1370), we note that the order of commitment itself reflects that the court found the defendant to be presently mentally incompetent. For this reason appellant's challenge must fail.

The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 28, 1977.

---

[2] "MR. MAPLE: I would like to enter a N.G.I. plea. [¶] THE COURT: You want to be heard on that, do you not, sir? [¶] THE DEFENDANT: *I want it to go to jury trial.* [¶] THE COURT: On the 1368? Okay. I am forbidding your attorney to enter a 1026 [insanity plea]. Now, that takes care of that, okay? [¶] THE DEFENDANT: Right. [¶] MR. MAPLE: Your Honor—[¶] THE COURT: That's what you wanted, a jury trial on—[¶] THE DEFENDANT: *I wanted a jury trial on the murder itself because I consider it either justifiable homicide or self-defense.* That's the way I see it." (Italics added.)